LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSE BRAVO<br>and JOHN DOE,<br>*on behalf of themselves, FLSA Collective Plaintiffs*<br>*and the Class*, | |
| Plaintiffs, | Case No.: |
| v. | CLASS AND COLLECTIVE<br>ACTION COMPLAINT |
| SAN MARINO AT SOHO INC.<br>d/b/a SAN MARINO RISTORANTE,<br>ANTINORI RESTAURANT, INC.<br>d/b/a ANTICA RISTORANTE,<br>ELIO & SONS, LLC<br>d/b/a ANTICA RISTORANTE TRIBECA,<br>and SAMMY GASHIANO, | Jury Trial Demanded |
| Defendants. | |

---

Plaintiffs, JOSE BRAVO and JOHN DOE ("Plaintiffs"), on behalf of themselves and

others similarly situated, by and through their undersigned attorneys, hereby file this Class

and Collective Action Complaint against Defendants, SAN MARINO AT SOHO INC. d/b/a

SAN MARINO RISTORANTE, ANTINORI RESTAURANT, INC. d/b/a ANTICA

RISTORANTE, ELIO & SONS, LLC d/b/a ANTICA RISTORANTE TRIBECA

(collectively, "Corporate Defendants"), and SAMMY GASHIANO ("Individual Defendant," and together with Corporate Defendants, "Defendants") and state as follows:

**INTRODUCTION**

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5.     Plaintiff, JOSE BRAVO, is a resident of Queens County, New York.

6.     Corporate Defendants:

    (a)     SAN MARINO AT SOHO INC. d/b/a SAN MARINO RISTORANTE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 66 Charlton Street,

2

New York, New York 10014. Defendants operate "San Marino Ristorante" restaurant through SAN MARINO AT SOHO INC.

        (b)     ANTINORI RESTAURANT, INC. d/b/a ANTICA RISTORANTE is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 8 Stone Street, New York, New York 10004. Defendants operate "Antica Ristorante" restaurant through ANTINORI RESTAURANT, INC.

        (c)     ELIO & SONS, LLC d/b/a ANTICA RISTORANTE TRIBECA is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 370 Canal Street, New York, New York 10013 and an address for service of process located at 15 Maiden Lane, Suite 1002, New York, New York 10038. Defendants operate "Antica Ristorante – Tribeca" restaurant through ELIO & SONS, LLC.

        7.     Individual Defendant SAMMY GASHIANO is the owner of Corporate Defendants. GASHIANO exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. GASHIANO had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to GASHIANO directly regarding any of the terms of their employment, and GASHIANO would have the authority to effect any changes to the quality and terms of employees' employment. GASHIANO regularly visited the restaurants to  ensure that employees properly prepared food and effectively served customers so that the business operated efficiently and

profitably. GASHIANO exercised functional control over the business and financial operations of Corporate Defendants.

8.      Defendants own and operate an enterprise comprised of three restaurants with names and addresses as follows:

(a)     San Marino Ristorante – 66 Charlton Street, New York, New York 10014;

(b)     Antica Ristorante – 8 Stone Street, New York, New York 10004; and

(c)     Antica Ristorante Tribeca – 370 Canal Street, New York, New York 10013;

(collectively, the "Restaurants"). Defendants' Restaurants operate as a single integrated enterprise. Specifically, Defendants' Restaurants are engaged in related activities, share common ownership and have a common business purpose. Ingredients and supplies are interchangeable among Defendants' Restaurants as needed. Defendants implement the same employment policies and practices across the Restaurants.

9.      At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

10.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, porters, bartenders, barbacks, waiters, bussers, runners

and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, dishwashers, cashiers, porters, bartenders, barbacks, waiters, bussers, runners and delivery persons, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained

similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to

which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

(d)     Whether Defendants properly notified Plaintiffs and the Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

(f)     Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(g)     Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

(h)     Whether Defendants paid Plaintiffs and Class members the spread of hours premium as required by the New York Labor Law;

(i)     Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(j)     Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## **STATEMENT OF FACTS**

22.     From on or about July 20, 2012, Plaintiff JOSE BRAVO was employed by Defendants to work as a chef at Defendants' "San Marino" restaurant located at 66 Charlton Street, New York, New York 10014. Plaintiff BRAVO worked for Defendants until on or about January 29, 2016.

23.     Throughout  his employment with Defendants, Plaintiff JOSE BRAVO regularly worked 67.5 hours per week, as follows: 11:00a.m. to 11:00p.m. from Mondays to Fridays and 4:00p.m. to 11:30p.m. on Saturdays. Plaintiff JOSE BRAVO was not required to clock in or out. Other non-exempt employees at the Restaurants worked similar schedules and suffered the same policies.

24.     From the beginning of his employment with Defendants until in or around January 2013, Plaintiff JOSE BRAVO was compensated on a bi-weekly fixed salary of $800.

This amounted to an hourly rate of approximately $5.93 per hour for all hours worked, which is below the Federal and State minimum wage. From in or around January 2013 until the end of Plaintiff BRAVO's employment with Defendants, he was compensated on a bi-weekly fixed salary of $880. This amounted to an hourly rate of approximately $6.52 per hour for all hours worked, which is below the Federal and State minimum wage. There was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty. Throughout his employment with Defendants, Defendants paid Plainitff JOSE BRAVO by check and provided wage statements that did not accurately reflect Plaintiff BRAVO's hours worked.

25.    At all times relevant, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and Class members a fixed salary, which amounted to regular rates below the prevailing statutory minimum wage under the FLSA and NYLL.

26.    At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

27.    At all times relevant, the workdays of Plaintiffs and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiffs and Class members the spread of hours premium as required by NYLL.

28.    At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL.

29.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members.

30.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

31.     Defendants willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

32.     Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiff and Class members, in violation of the NYLL.

33.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

35.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36.     Plaintiffs reallege and reaver Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

37.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

39.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

40.     At all relevent times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

41.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

42.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory minimum wage and overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages.

46. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

48. Plaintiffs reallege and reaver Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

50.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the minimum wage required by the New York Labor Law.

51.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52.     Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

53.     Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

54.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

55.     Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime, unpaid spread of hours, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

      a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage due under the FLSA and NYLL;

d.   An award of unpaid overtime compensation due under the FLSA and NYLL;

e.   An award of unpaid spread of hours due under the New York Labor Law;

f.   An award of statutory penalties as a result of Defendants' failure to comply with the New York Labor Law wage notice and wage statement requirements;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the FLSA;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to the New York Labor Law;

i.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j.   Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

k.   Designation of this action as a class action pursuant to F.R.C.P. 23;

l.   Designation of Plaintiffs as Representative of the Class; and

m.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:   April 12, 2016                    Respectfully submitted,

                                    By:    */s/ C.K. Lee*_____
                                           C.K. Lee, Esq.

                                           LEE LITIGATION GROUP, PLLC
                                           C.K. Lee (CL 4086)
                                           Anne Seelig (AS 3976)
                                           30 East 39th Street, Second Floor
                                           New York, NY 10016
                                           Tel.: (212) 465-1188
                                           Fax: (212) 465-1181
                                           *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*