UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE BRAVO AND JOHN DOE, on behalf of themselves and all others similarly situated,

Plaintiffs,

-v-

SAN MARINO AT SOHO INC. (d/b/a SAN MARINO RISTORANTE), *et al.*,

Defendants.

16-CV-2729 (JPO)

OPINION & ORDER

---

J. Paul Oetken, United States District Judge:

Plaintiffs filed this case under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law § 190 *et seq.*, alleging that Defendants failed to pay overtime and other wages.

Plaintiffs filed this action on April 12, 2016. (Dkt. No. 1.) Plaintiffs failed, however, to serve the summons and complaint on Defendants within the 90-day period. On July 27, 2016, this Court directed Plaintiffs "to advise the Court in writing why they have failed to serve the summons and complaint on Defendants within the 90-day period, or, if the Defendants have been served, when and in what manner such service was made." (Dkt. No. 13.) This Court further warned that, "[i]f no written communication is received by August 5, 2016 showing good cause why such service was not made within 90 days, the Court will dismiss the case." (*Id.*) Since the docketing of that order, Plaintiffs have failed to file any written communication with the Court whatsoever.

A Rule 41(b) dismissal must "be proceeded by particular procedural prerequisites," including notice. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). "A district court

considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In this case, these factors weigh in favor of dismissal. Plaintiffs have not communicated with the Court for three and a half months and have failed to respond to the Court's order directing Plaintiffs to advise the Court regarding the reason for their failure to prosecute the action. Plaintiffs were directly advised that failure to communicate with the Court by August 5, 2016 would result in dismissal, but missed that deadline nevertheless.

The fourth factor is not salient in this case. As Plaintiffs failed to notify Defendants of this action, Defendants cannot be prejudiced by further delay in the proceedings. This Court finds, however, that it is in the Court's interest in managing its docket to dismiss the case, given the clear warning from the Court that dismissal would result from a failure to respond, and that Plaintiffs appear to have abandoned any argument that they have an interest in receiving a fair chance to be heard. Further, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." *Singleton v. City of New York*, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015).

Simply put, there is "no indication" that Plaintiffs "wish[] to continue with this action." *Garcia v. Tal on 1st Inc.*, No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016). The "circumstances are sufficiently extreme" to warrant dismissal. *Id.*

Accordingly, in light of the factors mentioned above, it is hereby ORDERED that this action is dismissed without prejudice and without costs for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated: August 16, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge